JOHN HAYNES v. THE STATE.

(*Nashville,* December Term, 1920.)

CRIMINAL LAW. Jury must fix sentence of one under 18 years of age.
The jury must fix the sentence of one under 18 years of age con-
victed of crime, the Indeterminate Sentence Law having no
application to persons under the age of 18 years convicted of
crime punishable by imprisonment in the penitentiary, under
Shannon's Code, Section 4433a5, 7202a1, 7213; and a verdict which
does not do so is void.

Acts cited and construed: Acts 1913, ch. 8, sec. 1; Acts 1907, ch.
599; Acts 1829, ch. 23, sec. 7; Acts 1917, ch. 97, sec. 4.

Cases cited and approved: Martin v. State, 130 Tenn., 509; Gass
v. State, 130 Tenn., 581; State v. Ragsdale, 78 Tenn., 671; May-
field v. State, 101 Tenn., 673; Fitts v. State, 102 Tenn., 141.
Code cited and construed: Sec. 7202a1, 7213, 4433a5 (S.)

FROM DAVIDSON.

Error to the Criminal Court of Davidson County.—
HON. FRANK M. GARARD, Judge.

R. C. BOYCE and M. P. ESTES, for plaintiff in error.

WM. H. SWIGGART, JR., Assistant Attorney-General,
for the State.

MR. JUSTICE HALL delivered the opinion of the Court.

The plaintiff, in error, John Haynes, was convicted of the crime of murder in the second degree by a jury in the criminal court of Davidson county. At the time of his conviction he was under eighteen years of age.

The trial judge instructed the jury as follows: "If you find the defendant not guilty of murder in the first degree, or if you have a reasonable doubt as to his guilt of that offense, you will acquit him of that offense and your next inquiry will be whether or not he is guilty of murder in the second degree; if you convict him of this offense, that is all you need to say in your verdict; and it then becomes the duty of the court to sentence the defendant to serve an indeterminate sentence, or period of time, in the penitentiary of the State from ten to twenty years."

By section 7202a1 of Shannon's Annotated Code (section 1, chapter 8, Acts 1913), it is provided as follows:

"Whenever any person over eighteen years of age is convicted of any felony or other crime committed after the passage of this law (after February 21, 1913) and punishable by imprisonment in the penitentiary, the court imposing such sentence shall not fix a definite term of imprisonment, but shall sentence such person to the penitentiary for an indefinite period, not to exceed the maxium term nor to be less than the minimum term provided by law for the crime for which the person was convicted and sentenced, making allowance for good time as now provided by law."

The law, as it stood before the passage of chapter 8 of the Acts of 1913, was as follows:

"It is the duty of the jury to ascertain in their verdict, the time, within the limits prescribed by law, during which an offender is to be imprisoned in the penitentiary." Shannon's Annotated Code, section 7213 (Acts 1829, chapter 23, section 76).

By section 4433a5 of Shannon's Annotated Code (Acts 1907, chapter 599, section 4; Acts 1917, chapter 97, section 4), it is provided as follows:

"All boys under the age of eighteen years who have been convicted of an offense punishable by confinement in the penitentiary shall be sentenced to and confined in said training and agricultural school under the provisions of this chapter. All boys convicted of an offense punishable by imprisonment in the penitentiary shall be transported to and from the said reformatory at the expense of the State and taught some trade or pursuit and employed and kept at some useful and elevating occupation."

It will be noted that the statute first above cited applies to all persons over eighteen years of age who may be convicted of any felony or crime committed after its passage, and punishable by imprisonment in the penitentiary, and is known as the "Indeterminate Sentence Law." It has no application to persons under the age of eighteen years who may be convicted of any felony or other crime punishable by imprisonment in the penitentiary.

Plaintiff in error, being under eighteen years of age, and excluded from the operation of the act of 1913, was subject to have an assessment of punishment only under the law as it stood before that statute was passed, and

Haynes v. State.

independent of it, in the reform school, under chapter 599, Acts of 1907, which act expressly applied to him, for a term of imprisonment to be fixed by the jury. Shannon's Annotated Code, section 7202.

The jury not having fixed or assessed the punishment of the plaintiff in error as provided by statute in such cases, we think the verdict was void. *Martin* v. *State,* 130 Tenn., 509, 172 S. W., 311; *Gass* v. *State,* 130 Tenn., 581, 172 S. W., 305; *State* v. *Ragsdale,* 10 Lea, 671; *Mayfield* v. *State,* 101 Tenn., 673, 49 S. W., 742; *Fitts* v. *State,* 102 Tenn., 141, 50 S. W., 756.

The verdict of the jury being void, the judgment based on it cannot stand. It is therefore reversed, and the case is remanded for a new trial.